# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
1/14/2022 5:06 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**DARREN J. LACH, ESQ.**
Nevada Bar No. 09606
**LACH INJURY LAW**
8870 S. Maryland Pkwy., Suite 135
Las Vegas, Nevada 89123
Telephone: (702) 505-4758
Facsimile: (702) 505-4768
E-mail: service@lachinjurylaw.com
*Attorney for Plaintiff*

CASE NO: A-22-846780-C
Department 30

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

LOUELLA POOL, an individual,

    Plaintiff,

v.

SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; NICHOLAS SHOOP, an individual; DOE STORE MANAGER I through V; DOE STORE EMPLOYEE I through V; DOE & ROE EMPLOYERS; DOE OWNERS I through V; ROE OWNERS I through V; and ROE COMPANIES I through V, inclusive,

    Defendants.

CASE NO:
DEPT NO:

## COMPLAINT

Plaintiff, LOUELLA POOL (hereinafter "Plaintiff"), by and through her counsel, DARREN J. LACH, ESQ., of LACH INJURY LAW, and for Plaintiff's causes of action against the Defendants, and each of them, complains and alleges as follows:

1. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

2. This Court has personal jurisdiction in this matter, as the incidents, transactions, and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

3. Upon information and belief, Plaintiff LOUELLA POOL (hereinafter "Plaintiff") was a resident of Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto, Defendant SMITH'S FOOD AND DRUG CENTERS, INC. (hereinafter "Defendant") is, and was at all times relevant to this action, a Foreign Corporation, authorized to do business in Clark County, Nevada.

5. Upon information and belief, at all times relevant hereto, Defendant NICHOLAS SHOOP (hereinafter "Defendant") is, and was at all times relevant to this action, a resident of Clark County, Nevada

6. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that Defendant DOE STORE MANAGER I through V ("hereinafter "Defendant"); and/or DOE STORE EMPLOYEE I through V (hereinafter "Defendant"), were residents of Clark County, Nevada and were acting within the course and scope of their employment with Defendants, and each of them.

7. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that Defendant DOE & ROE EMPLOYERS I through V (hereinafter "Defendant") employed Defendants, and each of them, and were doing business in the State of Nevada.

8. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that Defendant DOE & ROE OWNERS (hereinafter "Defendant") were doing business in the State of Nevada.

9. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOES I through V and ROE COMPANIES I through V (hereinafter "Defendant") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

10. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as DOE or ROE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff, as herein alleged, and that Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of Defendants DOES and ROES when same have been ascertained, and to join such Defendants in this action.

11. On or about January 18, 2020, Plaintiff was at Defendant's place of business located at 7130 N. Durango Drive, Las Vegas, Nevada, 89149. At the time of the subject incident, Plaintiff

was shopping in Defendant's store when she slipped and fell on a hazardous substance on the ground believed to be nacho sauce that was left on the ground in a shopping aisle. As a result of the fall, Plaintiff suffered severe injuries, great pain and anxiety.

### CAUSES OF ACTION

12. Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 10 above, as though completely set forth herein.

13. That upon information and belief, at all times relevant to this action, Defendant and/or Defendant DOE OWNER and/or Defendant ROE OWNER and/or Defendant ROE COMPANY, and each of Defendants (hereinafter "Defendants"), were the owners or lessees and occupied, operated, and/or maintained and controlled those premises located at 7130 N. Durango Drive, Las Vegas, NV 89149, commonly known as SMITH'S wherein they actively operated and/or maintained and/or controlled said premises.

14. That on or about January 18, 2020, and for some time prior thereto, Defendants (by and through their authorized agents and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled said premises, and did cause and/or allow a substance to remain in an unsafe manner on the floor in a shopping aisle and did not maintain said floor, which caused an unreasonably dangerous condition, thus making the premises hazardous and dangerous to anyone walking in said area and more particularly Plaintiff.

15. That on or about January 18, 2020, and for some time prior thereto, Defendants, and each of Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained operated, occupied, and controlled the said premises, in that they maintained the area in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by customers and invitees of the said Defendants and more particularly to Plaintiff.

16. That on or about January 18, 2020, and for some time prior thereto, Defendants, and each of Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated,

occupied, and controlled the Premises, thereon, in that Defendants permitted, allowed and caused said unsafe condition to remain even though Defendants, and each of them, had actual knowledge of the nacho sauce from being told by a customer prior to Plaintiff's slip and fall and knew of the hazardous condition or, through the exercise of ordinary care and diligence, should have known, that leaving substances to remain on the floor is an unsafe manner and creates a hazardous and/or dangerous condition for anyone walking in the area, and more particularly Plaintiff.

17. At all times herein concerned or relevant to this action, each of Defendants acted by through their duly authorized agents, servants, workmen and/or employees, then and there acting within the course of their employment and scope of their authority, for each of Defendants.

18. That the carelessness and negligence of each of Defendants breached the Defendants' duty(s) owed to Plaintiff, including, but not limited to, the following acts, to-wit:

(a) Failure to provide safe walkways to Plaintiff to walk in/on the Premises;

(b) Failure to warn Plaintiff of the dangerous and hazardous condition known to Defendants then and there existing in the Premises;

(c) Failure to properly and adequately inspect the said dangerous condition in Defendants' shopping aisle(s) to ascertain its hazardous and dangerous condition;

(d) Failure to properly and adequately maintain the Defendants' shopping aisle(s);

(e) Defendants, and each of them, had, or should have had, actual knowledge or notice of the existence of the said dangerous and/or hazardous condition which existed on said Premises;

(f) Failed to properly supervise, train and/or hire the Defendants and/or individuals to remedy, inspect and/or maintain the subject premises to be free of the dangerous and/or hazardous conditions which existed on said premises;

(g) Respondeat Superior;

19. That Defendants' breaches of their duties directly and proximately caused the injuries and damages to Plaintiff.

20. That each of Defendants may have violated certain statutes, ordinances and building codes, which Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

21. That on or about January 18, 2020, Plaintiff, as a direct and proximate result of the said negligence and carelessness of Defendants, and each of them, was caused to suffer the injuries and damages hereinafter set forth when she slipped and fell to the ground as a result of Defendants failure to warn of the existence of dangerous and/or hazardous condition on the premises.

22. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of each of Defendants, Plaintiff was injures in and about the cervical, lumbar, thoracic spine, and both hips and caused to suffer great pain of body and mind, all or some of the same are chronic and may result in permanent disability and are disabling, all to Plaintiff's medical expenses and damages in amount in excess of One Hundred and Sixty Thousand Dollars and Zero Cents which Plaintiff hereby requests recovery and damages against each and all of said Defendants.

23. By reason of the Premises, and as a direct and proximate result of the aforesaid negligence and carelessness of each of Defendants, Plaintiff has caused to incur medical expenses in excess of Fifteen Thousand Dollars ($15,000.00) and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable, which Plaintiff will pray leave of Court to insert the total amount of the medical miscellaneous expenses when the same have been fully determined at the time of trial of this action.

24. Prior to the injuries complained of herein, Plaintiff was an able-bodied person, capable of engaging in all activities for which Plaintiff was otherwise suited.

25. By reason of the Premises, and as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in Plaintiff's occupations and activities, which caused Plaintiff a loss of wages in a presently unascertainable amount, which Plaintiff will pray leave of Court to insert herein when the same shall be fully determined.

26. Plaintiff has been required to retain the law firm LACH INJURY LAW to prosecute this action, and is entitled to reasonable attorney's fees, prejudgment interest and costs.

27. Defendants, and each of them, willfully, grossly, negligently, and with conscious disregard for the health and safety of others, including but not limited to Plaintiff, failed to properly and adequately maintaining the subject walkaway after being put on actual notice of the dangerous and/or hazardous condition and/or provide proper and adequate warning of dangerous condition, and injured Plaintiff as alleged herein, and Defendants should be held accountable for such actions and punitive damages imposes against said Defendants.

28. That actions and/or omissions of Defendants, and each of them, failed to remedy the dangerous condition on their premises and put life and safety at risk for Plaintiff and other invitees.

29. The actions and/or omissions of Defendants, and each of them, which were willful, reckless, grossly negligent, and done with conscious disregard for the health and safety of members of the community, including but not limited to Plaintiff, were in direct violation of the laws, statutes, ordinances which exist for the safety of persons and property of others, including but not limited to Plaintiff, and those actions entitle Plaintiff to the imposition of punitive damages against Defendants.

WHEREFORE, Plaintiff expressly reserves the right herein to include all items of damage and demands judgment against the Defendants, and each of them, as follows:

1. General damages for Plaintiff in an amount in excess of $15,000.00;

2. Special damages for Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount in excess of $15,000.00;

3. Special damages for lost wages in a presently unascertainable amount and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. For punitive damages and/or exemplary damages in excess of $15,000.00

5. Costs of this suit, attorney's fees, and prejudgment interest; and

6. Any other relief as the Court may deem just and proper in the premises.

7. Plaintiff herein demands a trial by jury.

DATED this 14th day of January, 2022.

By: /s/ Darren J. Lach
   **DARREN J. LACH, ESQ.**
   Nevada Bar No. 09606
   **LACH INJURY LAW**
   8870 S. Maryland Pkwy., Suite 135
   Las Vegas, Nevada 89123
   *Attorney for Plaintiff*

**Electronically Filed**
1/21/2022 11:45 AM
Steven D. Grierson
CLERK OF THE COURT

**AFFT**
Lach Injury Law
Darren J. Lach, Esq.
8870 S. Maryland Pkwy., Ste. 135
Las Vegas, NV 89123
State Bar No.: 09606
Attorney(s) for: Plaintiff(s)

## DISTRICT COURT
## CLARK COUNTY, NEVADA

**Louella Pool, an individual**
vs
**Smiths Food and Drug Centers, Inc., a foreign corporation; et al**

*Plaintiff(s)*

*Defendant(s)*

Case No.: **A-22-846780-C**
Dept. No.: **30**
Date:
Time:

**AFFIDAVIT OF SERVICE**

I, **Kathryn Jean Marie Gifford**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1** copy(ies) of the: **Summons; Complaint** on the **20th** day of **January, 2022** and served the same on the **20th** day of **January, 2022** at **12:07 PM** by serving the **Defendant, Smiths Food and Drug Centers, Inc., a foreign corporation** by personally delivering and leaving a copy at **Corporation Service Company, 112 N. Curry St., Carson City, NV 89703** with **Kris Osborne, Administrative Assistant** pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the registered agent as shown on the current certificate of designation filed with the Secretary of State.

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct. Executed on this 21st day of January, 2022.

**Kathryn Jean Marie Gifford # R-102400**
**Legal Process Service**   License # 604
WorkOrderNo **2200481**

Case Number: A-22-846780-C

**AFFT**
Lach Injury Law
Darren J. Lach, Esq.
8870 S. Maryland Pkwy., Ste. 135
Las Vegas, NV 89123
State Bar No.: 09606
Attorney(s) for: Plaintiff(s)

Electronically Filed
2/4/2022 11:14 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT
# CLARK COUNTY, NEVADA

**Louella Pool, an individual**
vs
**Smith's Food and Drug Centers, Inc., a foreign corporation; et al.**

*Plaintiff(s)*
*Defendant(s)*

Case No.: **A-22-846780-C**
Dept. No.: **30**
Date:
Time:

**AFFIDAVIT OF SERVICE**

I, **Conrad Lockwood**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1** copy(ies) of the: **Summons - Civil; Complaint** on the **19th** day of **January**, **2022** and served the same on the **31st** day of **January, 2022** at **8:06 AM** by delivering and leaving a copy with the **Defendant**, **Nicholas Shoop** at **Place of Employment: Smith's, 7130 N. Durango Dr., Las Vegas, NV 89149**.

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct. Executed on this 31st day of January, 2022.

**Conrad Lockwood # R-2021-05240**
**Legal Process Service**    License # 604
WorkOrderNo **2200482**

Case Number: A-22-846780-C

(Sidebar: Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101  (702) 471-7255)

Electronically Filed
2/9/2022 12:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   ANDRE T. MARQUES
3  Nevada Bar #014737
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada 89102
5  (702) 366-1125
   FAX: (702) 366-1857
6  jbusby@cooperlevenson.com
   amarques@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LOUELLA POOL, an individual, | CASE NO.: A-22-846780-C |
| Plaintiff, | DEPT. NO.: XXX |
| v. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; NICHOLAS SHOOP, an individual; DOE STORE MANAGER I through V; DOE STORE EMPLOYEE I through V; DOE & ROE EMPLOYERS; DOE OWNERS I through V; ROE OWNERS I through V; and ROE COMPANIES I through V, inclusive, | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated as SMITH'S FOOD AND DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

Paragraphs 1 and 2 of Plaintiff's Complaint state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

/ / /

/ / /

CLAC 6776490.1

**II.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 3, 6, 7, 8, 9, 10 and 11 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**III.**

In response to Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that it is a Foreign Corporation, authorized to do business in Clark County, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

This answering Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**V.**

This answering Defendant, in response to Paragraph 12 of that portion of Plaintiff's Complaint entitled "**CAUSES OF ACTION**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**VI.**

In response to Paragraph 13 of that portion of Plaintiff's Complaint entitled "**CAUSES OF ACTION**", this answering Defendant admits that it owned, occupied, maintained and controlled the SMITH'S store located at 7130 N. Durango Drive, Las Vegas, NV 89149. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VII.**

This answering Defendant denies each and every allegation contained in Paragraphs 14, 15, 16, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28 and 29 of that portion of Plaintiff's Complaint entitled "**CAUSES OF ACTION**".

**VIII.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 17 and 24 of that portion of Plaintiff's Complaint entitled "**CAUSES OF ACTION**" and upon said ground, denies each and every

CLAC 6776490.1

allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 9th day of February, 2022.

COOPER LEVENSON, P.A.


By  /s/ Jerry S. Busby
    Jerry S. Busby
    Nevada Bar #001107
    Andre T. Marques
    Nevada Bar #014737
    3016 West Charleston Boulevard - #195
    Las Vegas, Nevada  89102
    Attorneys for Defendant
    SMITH'S FOOD & DRUG CENTERS, INC.

3

CLAC 6776490.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 9th day of February, 2022, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Darren J. Lach, Esq.
LACH INJURY LAW
8870 South Maryland Parkway – Suite 110
Las Vegas, NV 89123
Attorney for Plaintiff

By /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

4

CLAC 6776490.1